UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY J. DEMARCO,

   Petitioner,

  v.             CAUSE NO.: 3:19-CV-448-JD-MGG

WARDEN,

   Respondent.

OPINION AND ORDER

Anthony J. DeMarco, a prisoner without a lawyer, initiated this case by filing a habeas corpus petition attempting to challenge his 60-year sentence for child molesting in Kosciusko Superior Court on February 20, 2006, under cause number 43D01-0503-FA-35. (ECF 2 at 1.) He did not use this court's prescribed form and did not pay the filing fee. He was given an opportunity to file an amended petition and resolve his filing fee. (ECF 3.) In response to the court's order, DeMarco filed a "notice of clarification" (ECF 5) indicating that he did not intend to file a petition for habeas corpus. Instead, he intended to seek permission to file the petition, which he concedes is untimely. The court explained (ECF 6) that it does not issue advisory rulings, and that if DeMarco filed an amended petition, then the court would determine if he could proceed on that petition. He was granted until August 19, 2019, to file an amended petition on the form provided, and cautioned that if he did not do so the case would be dismissed without further notice. Despite being told that he did not need leave to file his petition, he has again filed a motion for leave to file a belated petition, along with a copy of his

proposed amended petition. This motion (ECF 7) will be denied as unnecessary, and the clerk will be directed to file the amended petition.

As DeMarco is aware, habeas corpus petitions are subject to a strict one-year statute of limitations.[1] Question 9 on the habeas corpus petition sets forth the text of the statute and asks for an explanation for why the petition is timely. In response, Aguilar wrote:

> Petitioner DeMarco hired attorney William J. Rawls on **June 25, 2007** to do a Post-Conviction petition twenty days into the one year limitation under he AEDPA's statute for preserving Federal Habeas Corpus. On **May 22, 2008** Rawls dated a letter of termination to DeMarco's mother, Jenny Layne, with two pages of scribbled notes which was received on **June 18, 2008**. Rawls never filed a single motion with the court to "stop the clock" and more so should have never accepted DeMarco as a client since he had been suspended from the practicing law by the Disciplinary Commission of the Indiana Supreme Court at which time he accepted DeMarco as a client. DeMarco sought for an investigation into and regarding William J. Rawls and discovered that Mr. Rawls at said time had already been disbarred by the Indiana Supreme Court. This petition therefore is **NOT** timely filed under the provisions of 28U.S.C[.] 2244(d). The circumstances however are "exceptional" and were beyond petitioner's control. (*See* filed attachment of Motion to Leave and supporting exhibits A-H).

(ECF 7-2 at 5)(emphasis in original).

---

[1] 28 U.S.C. § 2244(d) provides:
 (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

According to the amended petition, DeMarco was sentenced on February 20, 2006. He filed a direct appeal, and the case was remanded for resentencing on December 22, 2006. He did not seek transfer to the Indiana Supreme Court. DeMarco does not reveal when he was resentenced, but it was prior to when he retained Mr. Rawls on June 25, 2007, to assist him in filing a post-conviction relief petition. Mr. Rawls provided notice that he would not be representing DeMarco on May 22, 2008. A Post-Conviction Relief Petition was then filed approximately eight months later, on February 4, 2009. That petition was denied, DeMarco appealed, his appeal was denied, and he sought transfer to the Indiana Supreme Court. Transfer was denied on May 17, 2010.

DeMarco argues that this petition is untimely because of the exceptional circumstances surrounding Mr. Rawls deceit. But, even if this court were to excuse the period of time that was lost due to the actions of Mr. Rawls, the petition is untimely. That is because the Indiana Supreme Court denied transfer on DeMarco's Post Conviction Relief Petition on May 17, 2010, and he did not initiate this action until more than nine years later, on June 7, 2019 - the day he signed his first petition. While Mr. Rawls' deceit is unfortunate, it does not excuse DeMarco's delay in filing his petition until June of 2019.

DeMarco has also filed a motion seeking the appointment of counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus case, if "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side."

3

*Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (brackets, quotation marks, and citation omitted). This is not a complicated case. A review of the records demonstrates that DeMarco understands the facts and has explained why he believes he should be permitted to proceed on his petition despite it being untimely. Furthermore, the appointment of counsel would not change the outcome of this case. Accordingly, the request for counsel will be denied.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging petitioner to proceed further. Thus, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

(1) DENIES Anthony J. DeMarco's Verified Motion for Leave to File a Belated Petition for Writ of Habeas Corpus as unnecessary (ECF 7);

(2) DIRECTS the clerk to file Anthony J. DeMarco's proposed amended petition (ECF 7-2);

(3) DENIES Anthony J. DeMarco's Motion to Appoint Counsel to Pursue Habeas Corpus Proceedings (ECF 8);

(4) DENIES habeas corpus pursuant to Section 2254 Habeas Corpus Rule 4 because the amended petition (ECF 7-2) is untimely;

(5) DENIES Anthony J. DeMarco a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(6) DENIES Anthony J. DeMarco leave to proceed *in forma pauperis* on appeal; and

(7) DIRECTS the Clerk is to close this case.

SO ORDERED on October 10, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT